In the Matter of Ruth Freilich LAUFER, also known as Ruth F. Laufer and also known as Ruth Freilich, doing business under the trade name of Midtown Shopping Service, Debtor.

United States District Court
S. D. New York.
Dec. 6, 1955.

White & Case, New York City (Robert F. Little, New York City, of counsel), for General Electric Company, petitioner.

David N. Goldman, New York City, for debtor.

HERLANDS, District Judge.

This is a petition by the General Electric Company for review of an order of Robert P. Stephenson, Referee in Bankruptcy. The order denied petitioner's application for leave to prosecute a fair trade injunction action against one Ruth Freilich Laufer. This action was pending in the Supreme Court of the State of New York, for the County of New York, before the above-named Ruth Freilich Laufer became involved as the debtor in proceedings under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.

The state court action (brought under New York General Business Law, McKinney's Consol.Laws, c. 20, § 369–a et seq.) had been commenced on April 23, 1955. On July 19, 1955, Ruth Freilich Laufer filed a petition for arrangement in this court, pursuant to Chapter XI of the Bankruptcy Act. On July 20, 1955, an order was made by Referee in Bankruptcy John E. Joyce authorizing the debtor to continue her business as debtor in possession for a limited period of time. The order (paragraph "11") provided as follows:

"That all persons, firms and corporations, their agents and attorneys and any city marshal or sheriff be and they hereby are enjoined and restrained from commencing, or continuing any actions, suits or proceedings against Ruth Freilich Laufer, also known as Ruth F. Laufer and also known as Ruth Freilich, doing business under the trade name of Midtown Shopping Service, the debtor or her property, other than suits to enforce liens upon the debtor's property, until the entry of the final decree in this proceeding or the further order of this court."

On August 16, 1955, petitioner made a motion for a temporary injunction in the state court. As a result of the stay contained in Referee Joyce's order, petitioner's motion was denied without prejudice to a renewal thereof at such time as the stay might be modified, vacated or terminated.

Petitioner thereupon made application before Referee Robert P. Stephenson (sitting for Referee Joyce) for a modification of the stay to the extent of granting petitioner leave to prosecute the pending state court injunction action.

This application came on to be heard before Referee Stephenson on September 16, 1955. The application was denied by an order dated September 20, 1955, but leave was granted to petitioner to proceed against the "debtor in possession."

The petition now claims that the September 20, 1955 order of Referee Stephenson is erroneous for two reasons: (1) the Referee did not have the power under 11 U.S.C.A. § 714, Bankruptcy Act, § 314, to stay the injunction action, because petitioner is not a creditor, and

the word "suits" in § 714 should be read as being limited to suits brought by creditors; and (2) in any event, the Referee abused his discretion in ordering the stay of the injunction action.

The disposition of the petition involves an interpretation of 11 U.S.C.A. § 714 and a decision as to its application to the facts at bar. That section, in sharp contrast to 11 U.S.C.A. § 29, Bankruptcy Act, § 11, is worded broadly. Thus, § 29 provides for a stay only where the suit is founded upon a claim from which a discharge in bankruptcy would be a release. However, § 714 expressly states:

> "The court may, in addition to the relief provided by section 11 [11 U. S.C.A. § 29] of this Act and elsewhere under this chapter, enjoin or stay until final decree the commencement or continuation of suits other than suits to enforce liens upon the property of a debtor, and may, upon notice and for cause shown, enjoin or stay until final decree any act or the commencement or continuation of any proceeding to enforce any lien upon the property of a debtor."

▮▮ The legislative intent is indicated by the fact that, in a carefully drawn statute, the word "suits" is in no way limited to suits by creditors. That the statute should be given a liberal interpretation is further indicated by the legislative history of § 714. That section was derived from § 74(n) of the Act of 1898, which latter section dealt only with "secured creditors." The elimination of that qualification or limitation when § 714 was enacted evinces the legislative intent to give a broad interpretation to the word "suits," as used in § 714. This court, therefore, concludes that the Referee had the power to issue the stay.

▮ Whether or not a stay should be issued under § 714 is a matter of sound discretion. Referee Stephenson's order of September 20, 1955 did grant petitioner leave to proceed against the debtor in possession. An analysis of the record of the proceedings fails to reveal any abuse of discretion by the Referee.

Accordingly, the petition is denied.